IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

OTIS OLIVER McCRAY                                                                              PLAINTIFF

v.                                                                    CIVIL ACTION NO. 5:17-cv-15-DCB-MTP

DAVASHA NELSON                                                                               DEFENDANT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's Motion for Judgment on the Pleadings as to State Law Claims [7] and Motion for Judgment on the Pleadings as to Federal Claims [9]. Having considered the record and the applicable law, the undersigned recommends that the Court grant Defendant's Motion for Judgment on the Pleadings as to Federal Claims [9] and dismiss Plaintiff's federal claims. The undersigned recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, deny Defendant's Motion for Judgment on the Pleadings as to State Law Claims [7] without prejudice, and remand Plaintiff's state law claims to the Circuit Court of Wilkinson County, Mississippi. Additionally, the undersigned recommends that the Court deny as moot all other pending motions.

## BACKGROUND

On March 7, 2007, Plaintiff was charged in the Circuit Court of Wilkinson County, Mississippi, with murder, robbery, and possession of a firearm by a convicted felon. On April 4, 2008, Plaintiff pleaded guilty to reduced charges of manslaughter and robbery and was sentenced as an habitual offender. *See McCray v. State*, 107 So. 3d 1042, 1044 (Miss. App. 2012). Thereafter, Plaintiff filed a motion for post-conviction relief, arguing that he had ineffective assistance of counsel and that his indictment was defective. The trial court denied the motion, and Plaintiff appealed the trial court's ruling.

On appeal, Plaintiff argued that his indictment was defective because it was not signed by either the foreman of the grand jury or the circuit clerk. *Id*. The Mississippi Court of Appeals found that the record contained a certified copy of his indictment that was signed by the grand jury foreman and stamped "filed" in the circuit court. *Id*. at 1044-45.

Plaintiff filed this civil action in the Circuit Court of Wilkinson County, and on January 27, 2017, Defendant removed the action to this Court. Plaintiff alleges that a deputy circuit clerk, Davasha Nelson, forged the signature of the grand jury foreperson on Plaintiff's indictment. *See* Pleadings [1-1].[1] Plaintiff asserts federal claims pursuant to 42 U.S.C. § 1983, as well as state-law claims.[2] On February 24, 2017, Defendant filed her Motion for Judgment on the Pleadings as to State Law Claims [7] and Motion for Judgment on the Pleadings as to Federal Claims [9].

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for deciding a motion under Rule 12(c) is the same as that for deciding a motion under Rule 12(b)(6). *Guidry v. Am. Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As the United States Court of Appeals for the Fifth Circuit has explained,

---

[1] Plaintiff also filed an action against the grand jury foreperson, which is currently pending before this Court. *See McCray v. Olive*, Civil Action No. 5:17-cv-11-DCB-MTP.

[2] Although Plaintiff's pleadings are vague and somewhat disjointed, he mentions a "fundamental constitutional right," the state constitution, falsifying a record, false impersonation, and illegal restraint. *See* Pleadings [1-1].

"[t]he issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). This Court should only grant a Rule 12(c) motion, "when it is clear that the plaintiff can prove no set of facts in support of this claim that would entitled him to relief." *Id*.

## ANALYSIS

**Motion for Judgment on the Pleadings as to Federal Claims [9]**

In her Motion [9], Defendant argues, *inter alia*, that Plaintiff's Section 1983 claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a plaintiff who has been convicted of a crime cannot bring a Section 1983 claim challenging the constitutionality of his conviction unless the conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. The purpose of this rule is to avoid collateral attacks on convictions that are "still pending." *Hudson v. Hughes*, 98 F.3d 868, 872 (quoting *Heck*, 512 U.S. at 487). A Section 1983 claim is barred when a judgment for the plaintiff would "necessarily imply" the invalidity of a conviction. *Heck*, 512 U.S. at 487.

In this action, Plaintiff alleges that he was wrongly imprisoned because the Defendant forged the signature of the grand jury foreperson on Plaintiff's indictment. A finding in Plaintiff's favor would necessarily imply the invalidity of his convictions. As Plaintiff's convictions for manslaughter and robbery have not been reversed, expunged, declared invalid, or called into question by federal habeas corpus, his Section 1983 claims are barred by *Heck*. *See Fields v. NFN Nelms*, 2015 WL 3407955 (N.D. Tex. May 27, 2015); *Dedrick v. U.S.*, 2007 WL 737656 (E.D. Tex. Mar. 5, 2007); *Brown v. Hawkins*, 2002 WL 484679 (N.D. Tex. Mar. 26, 2002).

Defendant's Motion for Judgment on the Pleadings as to Federal Claims [9] should be granted,[3] and Plaintiff's Section 1983 claims should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met.[4] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).[5]

In addition to asserting claims under Section 1983, Plaintiff argues that it is a crime under state and federal statutes to falsify a record. Plaintiff, however, does not cite any particular federal statute. To the extent Plaintiff is seeking to bring a civil action based on the violation of a federal criminal statute, this claim should be dismissed. Plaintiff has not cited to any federal criminal statute conferring a private right of action to him. Where criminal statutes "bear no indication that civil enforcement of any kind was available," a civil complaint alleging violations of such statutes cannot be sustained as a matter of law. *Cort v. Ash*, 422 U.S. 66, 80 (1975). "Criminal statutes can neither be enforced by civil action nor by private parties." *Madden v. Harrison County*, 2010 WL 1238972, *4 (S.D. Miss. Feb. 25, 2010). Moreover, Plaintiff has alleged no facts which, taken as true, would establish that Defendant violated a federal statute regarding false records. *See Jones*, 188 F.3d at 324.

**Motion for Judgment on the Pleadings as to State Law Claims [7]**

---

[3] Defendant also moved for judgment of the pleadings based on immunity and the applicable statute of limitations. Because Plaintiff's Section 1983 claims are clearly barred by *Heck*, the Court need not address Defendant's additional arguments in support of her Motion [9].

[4] To meet the *Heck* conditions, Plaintiff must demonstrate that his convictions have been reversed, expunged, declared invalid, or called into question by federal habeas corpus. *Heck*, 512 U.S. at 486-87.

[5] In *Johnson*, the Fifth Circuit stated that "[a] preferred order of dismissal would read: Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met."

Plaintiff's remaining claims are brought under state law. In her Motion [7], Defendant argues that Plaintiff's state-law claims should be dismissed. Specifically, Defendant argues that those claims which are governed by the Mississippi Tort Claims Act should be dismissed due to the applicable statute of limitations and for lack of statutory notice. Defendant also argues that any claims against Defendant in her individual capacity should be dismissed because the Mississippi Tort Claims Act provides that an individual, in the scope and course of her employment, has no personal liability. Additionally, Defendant argues that Plaintiff's claims regarding falsifying record and false impersonation should be dismissed because, under Mississippi law, a violation of a statute or regulation does not support a claim where no private cause of action exists.

This Court's jurisdiction over Plaintiff's state-law claims rests on the invocation of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because there is no independent basis for jurisdiction over them. Where federal claims are dismissed before trial, the state claims ordinarily should be dismissed as well. *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989); *Certain Underwriters of Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). As previously discussed, the undersigned recommends that Plaintiff's federal claims be dismissed. Accordingly, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and deny Defendant's Motion [7] without prejudice. Because this action was removed to federal court from the Mississippi state court, the undersigned further recommends that the Court remand Plaintiff's state law claims to the Circuit Court of Wilkinson County, Mississippi.

**Additional Motions**[6]

The undersigned recommends that all additional motions be denied as moot. Included in these motions are two motions to amend by Plaintiff in which he appears to request that Defendant Nelson—who has previously appeared and filed an answer—be added to this action (Motion [3]) and seeks to add the following defendants: Wilkinson County Judge Lillie Blackmon Sanders, District Attorney Ronnie L. Harper, Assistant District Attorney Walt Brown, Wilkinson County Comptroller Frances Ryan, Wilkinson County Administrator Lewis, and Wilkinson County Sheriff Department Official R. Jackson.[7] Permitting leave to amend, although ordinarily granted in the case of *pro se* litigants, would be futile in this case and cause needless delay because none of the submissions to the Court would entitle him to relief in the face of *Heck*. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009); *Fields*, 2015 WL 3407955 at * 4.

## RECOMMENDATIONS

Based on the foregoing reasons, the undersigned recommends that:

1. Defendant's Motion for Judgment on the Pleadings as to Federal Claims [9] be GRANTED;

2. Plaintiff's claims under 42 U.S.C. § 1983 be dismissed with prejudice to their being asserted again until the *Heck* conditions are met;

3. Plaintiff's claim based on the violation of a federal criminal statute be dismissed with prejudice;

4. Defendant's Motion for Judgment on the Pleadings as to State Law Claims [7] be DENIED without prejudice;

---

[6] These motions include four motions by Plaintiff: Motion to Amend [3]; Motion to Disregard Attorney [4]; Motion for Appointment of Counsel [5]; and Motion to Amend [6].

[7] Plaintiff does not submit a proposed amended complaint or assert any additional facts, but simply requests that these individuals be added as defendants.

5. Plaintiff's state law claims be remanded to the Circuit Court of Wilkinson County, Mississippi; and

6. All other pending motions be DENIED as moot.[8]

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 20th day of April, 2017.

s/ Michael T. Parker<br>United States Magistrate Judge

---

[8] *See supra* note 6.