IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

OTIS OLIVER MCCRAY                                              PLAINTIFF

v.                                      CIVIL ACTION NO. 5:17-cv-15-DCB-MTP

DAVASHA NELSON                                                  DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 13).** Having carefully reviewed the Report and Recommendation, the petitioner's response thereto, and applicable statutory and case law, the Court finds and orders as follows:

On March 7, 2007, plaintiff Otis Oliver McCray ("McCray") was charged as a habitual offender in the Circuit Court of Wilkinson County with murder, robbery, and possession of a firearm by a convicted felon. McCray pled guilty to lesser charges of manslaughter and robbery as a habitual offender and was subsequently sentenced to serve fifteen and twenty years on the charges, respectively. See McCray v. State, 107 So. 3d 1042, 1044 (Miss. Ct. App. 2012). On December 7, 2016, McCray filed his pro se complaint in the Circuit Court of Wilkinson County, asserting claims under state and federal law.[1] McCray claims that defendant

---

[1] McCray alleges that the defendant engaged in falsifying a record, false impersonation, and illegal restraint. The Complaint also references the state constitution and claims violations of the plaintiff's fundamental constitutional rights. See Doc. 1-1.

1

Davasha Nelson ("Nelson"), who was acting as the deputy circuit clerk at the time, forged the grand jury foreperson's signature on the plaintiff's 2007 indictment. The defendant timely removed the case to this Court on January 27, 2017. Since the case was removed, multiple motions have been filed by both parties.[2]

On April 20, 2017, Judge Parker filed a Report and Recommendation as to the pending motions, finding that McCray's federal claims under 42 U.S.C. § 1983 are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because his convictions have not been reversed, expunged, declared invalid, or called into question by federal habeas corpus. To the extent that McCray's civil action is premised on a violation of some federal criminal statute, Judge Parker concluded that McCray's claim cannot be sustained because the plaintiff failed to cite any federal criminal statute providing a civil enforcement remedy. See Madden v. Harrison Cty., 2010 WL 1238972, *4 (S.D. Miss. Feb. 25, 2010) ("Criminal statutes can neither be enforced by civil action nor by private parties."); Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (noting that there is no constitutional right to have someone criminally prosecuted).

---

[2] The plaintiff has filed his Motion to Amend the Complaint (docket entry 3), Motion to Disregard Attorney (docket entry 4), Motion to Appoint Counsel (docket entry 5), Motion to Amend (docket entry 6), and the defendant has filed a Motion for Judgment on the Pleadings as to McCray's state and federal claims (docket entries 7 and 9).

After Judge Parker's Report and Recommendation was filed, McCray submitted a Letter (docket entry 14), wherein he seeks to present evidence to support his claims "just in case." Doc. 14, p. 1-2. Attached to the plaintiff's letter is an affidavit signed by Wendy Carlson, a forensic document examiner. Doc. 14-1. Yet, nothing in the letter or accompanying affidavit appears to raise a specific objection to Judge Parker's report. See <u>Wilson v. City of Meridian Police Dept</u>., 2011 WL 3510933, *2 (S.D. Miss. Aug. 10, 2011) (objections to a magistrate judge's report and recommendation must be "specific" to be properly before the district court). Nonetheless, insofar as McCray's letter may be construed as a timely objection, the Court finds that the objection should be overruled as none of the <u>Heck</u> conditions have been satisfied. Moreover, McCray has not identified, nor can the Court find, any federal criminal statute conferring a private right of action to the plaintiff.

Upon review of the record, the Court is satisfied that Judge Parker has issued a thorough opinion. The plaintiff's federal claims are therefore subject to dismissal, and the Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation (docket entry 13) is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that Defendant's Motion for Judgment on the Pleadings as to Federal Claims (docket entry 9) is GRANTED;

FURTHER ORDERED that the Plaintiff's federal claims under 42 U.S.C. § 1983 are dismissed with prejudice to their being asserted again until the Heck conditions are met;

FURTHER ORDERED that the Defendant's Motion for Judgment on the Pleadings as to State Law Claims (docket entry 7) is DENIED without prejudice insofar as the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims;

FURTHER ORDERED that all remaining motions (docket entries 3, 4, 5, and 6) are denied as MOOT.

A Final Judgment dismissing Plaintiff's federal claims will follow in accordance with Federal Rule of Civil Procedure 58.  A separate order of remand transferring the above styled and numbered cause to the Circuit Court of Wilkinson County, Mississippi shall issue this day.

SO ORDERED, this the 31st day of May, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE