```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

OTIS OLIVER MCCRAY                                    PLAINTIFF

v.                          CIVIL ACTION NO. 5:17-cv-15-DCB-MTP

DAVASHA NELSON                                        DEFENDANT

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

This cause is before the Court on plaintiff Otis Oliver McCray ("McCray")'s Motion for Relief from Judgment **(docket entry 18)**. Having carefully reviewed motion and applicable statutory and case law, the Court finds and orders as follows:

I. Background

Plaintiff Otis Oliver McCray ("McCray") was charged on March 7, 2007, as a habitual offender in the Circuit Court of Wilkinson County with murder, robbery, and possession of a firearm by a convicted felon. McCray pled guilty to lesser charges of manslaughter and robbery as a habitual offender and was sentenced to serve fifteen and twenty years on the charges, respectively.

On December 7, 2016, McCray filed a pro se complaint in the Circuit Court of Wilkinson County, asserting claims under state and federal law in connection with defendant Davasha Nelson ("Nelson")'s alleged forgery of McCray's 2007 criminal indictment. Nelson timely removed the action to federal court on January 27, 2017, and subsequently filed a motion for judgment on the pleadings as to the plaintiff's state and federal claims.

1

Adopting the Report and Recommendation of Magistrate Judge Michael T. Parker, the Court entered an Order (docket entry 15) on May 31, 2017, granting Nelson's Motion for Judgment on the Pleadings as to Federal Claims (docket entry 9) and dismissing the plaintiff's federal claims under 42 U.S.C. § 1983 with prejudice to their being asserted again until the conditions set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) are satisfied. The Court denied the defendant's Motion for Judgment on the Pleadings as to State Law Claims (docket entry 7) insofar as the Court declined to exercise supplemental jurisdiction over McCray's remaining state law claims and remanded the action to the Circuit Court of Wilkinson County.

McCray now moves for relief from judgment under Federal Rule of Civil Procedure 60(b) (docket entry 18). Though the subject of McCray's motion is somewhat unclear, the Court construes the motion as one seeking relief from the judgment entered on May 31, 2017, which dismissed McCray's federal claims.[1]

## II. Discussion

Under Rule 60, the Court may relieve a party from a final judgment or order for the following reasons:

---

[1] Attached as an exhibit to McCray's Rule 60(b) motion is an Order (docket entry 12) dated April 12, 2017, referring the cause to Magistrate Judge Parker for all further proceedings provided by 28 U.S.C. § 636 and Rule 72. See Doc. 18-1. To the extent that McCray seeks relief from this order referring the cause to Magistrate Judge Parker, the motion is denied. District judges are permitted to designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for the disposition of claims like those alleged by McCray. See § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud...misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The entirety of McCray's motion consists of a recitation of the six grounds for relief set forth in Rule 60(b) and an observation that "[he] thinks this is clearly extraordinary circumstances." Doc. 18. Yet, the plaintiff has failed to demonstrate any extraordinary circumstances, mistake, fraud, newly discovered evidence or otherwise, which would justify relief under Rule 60.[2]

As set forth in the Court's May Order, McCray's federal claims under 42 U.S.C. § 1983 are foreclosed by Heck v. Humphrey, 512

---

[2] Though McCray invokes Rule 60(b) as the basis for his motion, the motion was filed within 28 days of the final judgment. Nonetheless, the Court finds that construing the motion as one to alter or amend the judgment under Rule 59(e) would require the same result. Rule 59(e) motions "must clearly establish either manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." Zey v. Miss., 2012 WL 729749, at *1 (S.D. Miss. Mar. 6, 2012) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003)). McCray has not claimed any error or newly discovered evidence which would require the Court to alter its prior judgment.

U.S. 477 (1994). See Doc. 15. When a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence, the plaintiff's Section 1983 claims "must be dismissed unless the plaintiff can demonstrate that his conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. McCray alleges that he was wrongfully imprisoned because the defendant forged the grand jury foreperson's signature on his criminal indictment. Clearly, a ruling in the plaintiff's favor would necessarily imply the invalidity of his convictions. McCray has not provided any new evidence or argument to show that his manslaughter and robbery convictions have been reversed, expunged, declared invalid, or called into question by federal habeas corpus. Thus, McCray's Section 1983 claims remain barred by Heck.

Furthermore, McCray cannot maintain his federal claims based on Nelson's alleged violation of a criminal statute because "a private party may not enforce criminal statutes through a civil action." Madden v. Harrison, 2010 WL 1238972, at *4 (S.D. Miss. Feb. 25, 2010); see also Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (noting that there is no constitutional right to have someone criminally prosecuted).

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion for Relief from Judgment (docket entry 18) is DENIED.

SO ORDERED, this the 13th day of July, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE